UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| SEL W. DUNLAP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:05-CV-00214 RLM |
| | ) | |
| REFUSE DEPARTMENT SANITARY DISTRICT, | ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AND OPINION**

On April 18, 2005, Plaintiff, Sel W. Wilson filed a motion to appoint counsel which this Court denied on May 3, 2005. On May 16, 2005, Plaintiff filed a motion for reconsideration. On May 18, 2005, Defendant filed a motion for an extension of time to file a written status report. For the following reasons, Plaintiff's motion for reconsideration [Doc. No.16] is **DENIED** and Defendant's motion for an extension of time [Doc. No. 20] is **GRANTED**.

**I.   RELEVANT BACKGROUND**

Plaintiff initiated this case on April 12, 2005, alleging various violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, arising from Plaintiff's termination. On April 18, 2005, Plaintiff filed a two line letter with this Court requesting appointment of counsel. Plaintiff's letter stated, "I am writing to request your assistance in securing legal counsel, as my financial solvency cannot support representation. Your consideration will be appreciated." On May 3, 2005, Plaintiff's motion for appointment of counsel was denied because he failed to provide sufficient evidence that he attempted to retain outside counsel. Plaintiff subsequently attempted to retain outside counsel, but was unsuccessful. On May 16, 2005, Plaintiff filed a motion for reconsideration, along with affidavits illustrating that he attempted to retain counsel.

On May 10, 2005, this Court ordered parties to submit written status reports by May 18, 2005, so that this Court could establish various deadlines governing this case. On May 18, 2005, Defendant filed a motion for extension of time to file written status reports. This Court may rule on the pending motions pursuant to its referral order and 28 U.S.C. § 636(b)(1)(A).

## II.   PLAINTIFF'S MOTION FOR RECONSIDERATION

### A.   Applicable Legal Standard

There is no constitutional or statutory right to counsel in a civil case. Farmer v. Haas, 990 F.2d 319, 323 (7th Cir. 1993); Caruth v. Pinkney, 683 F.2d 1044 (7th Cir. 1982). Under 28 U.S.C. § 1915(d), a court may request an attorney to represent an indigent litigant, but has no authority to compel an attorney to do so. Mallard v. U.S. District Court, 490 U.S. 296 (1989); DiAngelo v. Illinois Dept. of Public Aid, 891 F. 2d 1260, 1261 (7th Cir. 1989). The decision to appoint counsel is within the sound discretion of the district courts, Hossman v. Blunk, 784 F.2d 793, 797 (7th Cir. 1986), and counsel is not generally appointed "unless denial would result in fundamental unfairness, impinging on due process." McNeil v. Lowney, 831 F. 2d 1368 (7th Cir. 1987); LaClair v. United States, 374 F. 2d 486, 489 (7th Cir. 1967).

Courts "recruit lawyers for the parties only when the cases are colorable, the facts may be difficult to assemble, and the law is complex." DiAngelo, 891 F.2d at 1262. The court should reserve its power to appoint counsel to those cases "presenting exceptional circumstances as determined by an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Farmer, 990 F.2d at 322 (quoting Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991)). Thus, a court may deny counsel in a relatively simple case in which a *pro se* litigant can adequately

2

handle the discovery process and the trial. Lovelace v. Dall, 820 F.2d 223 (7th Cir. 1987). Although a good lawyer may do better than the average person, that is not the test. If it was, district courts "would be required to request counsel for every indigent litigant." Farmer, 990 F. 2d at 323.

Before this Court may exercise its discretion to appoint counsel, it should consider whether: (1) Plaintiff has sought an appointment of counsel; (2) Plaintiff has made a reasonable attempt to secure private counsel; (3) other measures short of appointing counsel are appropriate; (4) the case is so difficult that it merits such an appointment; and (5) an appointment of counsel would provide a substantial benefit to the court or the parties. Klein v. Perry, 216 F.3d 571, 577 (7th Cir. 2000).

    B.    Analysis

Plaintiff's claim, based on alleged violations of Title VII, is not such an unusual case that counsel is required in order for Plaintiff to adequately prosecute his claim. Title VII claims are commonly litigated by *pro se* litigants in this and other courts, so much so that the court provides form complaints for *pro se* plaintiffs on these issues. Plaintiff's E.E.O.C. filing and his complaint, as well as his other filings with this Court, represent a working knowledge of court procedure and the relevant law. Although Plaintiff has limited financial means, he is still able to file motions with this Court, serve papers on opposing counsel, and research law relevant to this case. While a seasoned plaintiff's attorney would undoubtedly be able to handle Plaintiff's case with great skill, there is nothing in Plaintiff's filings that suggest that the factual basis of his claim requires skilled counsel to adequately discover information, respond to motions, and otherwise litigate this case. See Weiss v. Cooley, 230 F.3d 1027, 1034 (7th Cir. 2000) (finding

3

no abuse of discretion in a district court's refusal to appoint counsel where the plaintiff's complaint identified the relevant legal issues and his motion in opposition to summary judgment competently addressed "the key points."). Therefore, Plaintiff's motion for reconsideration is **DENIED**.

### III.  DEFENDANT'S MOTION FOR AN EXTENSION OF TIME

On May 10, 2005, this Court ordered parties to submit written status reports by May 18, 2005, so that this Court could establish various deadlines governing this case. On May 18, 2005, Defendant filed a motion for extension of time to a file a written status report, requesting an additional thirty days. Defendant's motion for extension of time to file a written status report is **GRANTED**. Defendant's report is to be filed no later than **June 17, 2005**.

### IV.  CONCLUSION

Based on the aforementioned reasons, Plaintiff is able to prosecute his claim without the aid of counsel, and thus, his motion for reconsideration [Doc. No. 16] is **DENIED**. In addition, Defendant's motion for an extension of time to file a written status report [Doc. No. 20] is **GRANTED.** Defendant's written status report is to be filed no later than **June 17, 2005.**

**SO ORDERED.**

Dated this 25th day of May, 2005

                                                s/Christopher A. Nuechterlein
                                                Christopher A. Nuechterlein
                                                United States Magistrate Judge

cc:    Dunlap